IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANE WINDELL, | § | |
| | § | |
| Defendant Below, | § | No. 154, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1910008972 (N) |
| | § | and 2011001365 (N) |
| Appellee. | § | |

Submitted: May 18, 2022
Decided: June 13, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After careful consideration of the notice to show cause and the responses to the notice to show cause, it appears to the Court that:

(1) On May 4, 2022, the appellant, Shane Windell, filed a notice of appeal from the Superior Court's imposition of sentence on November 12, 2021 and denial of his counsel's motion for sentence modification on January 18, 2022. Under Supreme Court Rule 6(a)(iii), a direct appeal of a criminal conviction is due within thirty days after the sentence is imposed. Under Supreme Court Rule 6(a)(iv), a postconviction appeal is due within thirty days after entry of the postconviction judgment order on the docket. The Senior Court Clerk issued a notice directing Windell to show cause why this appeal should not be dismissed as untimely filed.

(2) In his response to the notice to show cause, Windell states that he has limited knowledge of the legal system. He also states that he would have appealed his sentence had he known that was not precluded by his guilty plea and argues the merits of his motion for sentence modification. The State contends that Windell cannot show that his failure to file a timely notice of appeal is attributable to court-related personnel.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] Windell has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.[4]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[4] *See, e.g., Parker v. State*, 2021 WL 4495821, at *1 (Del. Sept. 30, 2021) (dismissing untimely appeal where the appellant claimed his appeal was late because he lacked education regarding the law and COVID-19 restrictions interfered with his access to the prison law library); *Scruggs v. State*, 2018 WL 2508187, at *1 (Del. May 1, 2018) (dismissing untimely appeal where the appellant claimed his appeal was untimely because he lacked legal knowledge and his illiteracy made it difficult to request materials from law library).

2

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice